[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, an older lady in remarkable physical and mental health, instituted this proceeding as the result of an injury suffered at Danbury Hospital on or about January 27, 1997. On that day, she had an appointment with her physician in the Office of Physician Services in that facility, specifically, the Strook Tower.
Her granddaughter had met her at her home which appeared from its inception to be an assisted living facility, and drove her to the hospital. Ingress and egress to the lobby from its front is by a bank of doors. Two push/pull doors flank a revolving center door which they utilized. The evidence is somewhat confusing as to which of them entered first.
As the door turned, the plaintiff was struck in either the chest or the CT Page 969 back and was knocked to the floor. She suffered a comminuted fracture of the right proximal humus. Her complaint alleges that the negligence of the hospital was a proximate cause of her injuries.
The specifications of negligence in that complaint are four in number:
(1) that the hospital failed to properly maintain the revolving door;
(2) that the hospital failed to properly and reasonable inspect the revolving door;
(3) that the hospital failed to worn its patients and/or visitors including Josephine Austin of the dangerous condition of its revolving door; and
(4) that the hospital failed to provide a safe and properly operating revolving door for its patients and/or visitors.
There is no doubt in this court's mind that the lady was badly and painfully injured. However, no evidence supported any of the specifications of negligence to permit the court to find the issues in her favor.
When the plaintiff rested, the defendant hospital made an oral motion for a directed verdict (sic). The court considered the substance of the motion rather than the form thereof. The defendant's motion to dismiss for failure to make out a prima facie case; § 15-8 of the Practice Book; is well taken and is, accordingly, granted.
A judgment of dismissal for failure to make out a prima facie case may enter.
Moraghan, J.T.R.